RAFAELA JARAMILLO VDA. DE MATANZO, demandante y apelada, *v.* ANTONIO PILLADO PÉREZ, demandado; FRANCISCA SCHRODER, interventora y apelante.

No. 6774.—*Sometido:* Abril 9, 1935. *Resuelto:* Abril 11, 1935.

*Pedro Albizu Campos* y *A. Casanova Prats,* abogados de la apelante; *J. M. Calderón,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicitó la desestimación de la apelación interpuesta en este caso, por frívola. La vista de la moción tuvo lugar el 1º. de abril en curso con la sola asistencia de dicha parte por su abogado. Pendiente de resolverse la cuestión suscitada, se celebró la vista del recurso en su fondo el 9 de abril actual también con la sola asistencia de la parte apelada por su abogado. La decisión de la moción hubiera requerido el estudio que ahora haremos de los méritos del caso. La una y el otro quedarán resueltos por una sola sentencia.

El único error que señala el apelante lo formula así:

"La Corte de Distrito de San Juan erró al declarar sin lugar la moción de la interventora apelante por la cual solicitaba se dejara sin efecto la sentencia dictada con fecha de 13 de marzo de 1934 declarando sin lugar la demanda de intervención y con lugar la demanda."

 Examinemos los hechos. El pleito se inició en mayo 2, 1933, en la Corte de Distrito de San Juan por demanda entablada por Rafaela Jaramillo viuda de Matanzo contra Antonio Pillado Pérez, sobre cobro de dinero, en la cual alegó substancialmente que por escritura pública otorgada en 1928 vendió al demandado un establecimiento de óptica por mil doscientos dólares pagaderos en plazos mensuales de cincuenta, habiéndole el demandado satisfecho seiscientos y debiéndole los otros seiscientos que se ha negado a pagarle. Solicitó sentencia por el saldo.

En el pleito intervino Francisca Schroder alegando substancialmente que estaba casada con el demandado, viviendo actualmente separada de él, y que el pleito constituye una confabulación entre las partes para ocultar los bienes de la sociedad conyugal que existe entre la interventora y el demandado, siendo lo cierto que dicha sociedad nada debe a la demandante. Ésta contestó negando los hechos relativos a la confabulación y a la no existencia de la deuda.

El 13 de marzo de 1934 el pleito fué resuelto por la siguiente sentencia:

"Llamado este caso a juicio oral por su orden de señalamiento en el calendario general de asuntos civiles de esta corte, compareció solamente la demandante representada por su abogado, Lcdo. J. M. Calderón. La demandante procedió a leer sus alegaciones y presentar sus pruebas, consistentes en documental y testifical, sometiendo el caso sin argumentación, y la corte, por el mérito de las alegaciones y evidencia presentada, que a juicio de la corte prueban satisfactoriamente los hechos esenciales de la demanda, dicta sentencia declarando con lugar la demanda, y condenando al demandado Antonio Pillado Pérez a pagar a la demandante Rafaela Jaramillo Vda. de

Matanzo, la cantidad de $600 y las costas de este procedimiento, declarándose sin lugar la demanda de intervención. . . ."

Y en abril 3, 1934, la interventora pidió a la corte que la dejara sin efecto, así:

"Que el juicio del presente pleito fué señalado para el día 12 de marzo de 1934, a las 9 de la mañana;

"Que ese día compareció, a la hora señalada, el abogado que suscribe, con el propósito de solicitar la suspensión de este pleito hasta nuevo señalamiento, lo cual manifestó con anterioridad a la hora señalada para la vista al Ledo. Calderón, abogado de la demandante, por la razón de que su cliente, la interventora en este pleito, doña Francisca Schroder, se hallaba ese día y desde dos días antes recluída en cama, víctima de una fuerte gripe que le ocasionó fiebres altas por todo ese tiempo;

"Que como a eso de las diez de la mañana del mismo día señalado para la vista de este pleito, el abogado suscribiente preguntó al Secretario del tribunal, señor Héctor González Blanes, si el presente pleito se vería el mismo día y él, el secretario, le manifestó a este abogado que no habría tiempo ese día porque el pleito que se estaba celebrando era largo y cogería todo el tiempo, a pesar de lo cual el abogado que suscribe estuvo por la tarde en la Corte esperando que este caso fuera llamado, lo cual no sucedió, por lo cual se retiró ese día este abogado de la corte;

"Que al día siguiente, como a las diez de la mañana, poco más o menos, este abogado compareció ante esta Hon. Corte y el Secretario de la misma le manifestó que la otra parte había obtenido sentencia a su favor debido a la no comparecencia de la interventora;

"Que ni este abogado ni la interventora en este pleito fueron notificados ni verbalmente ni por escrito, ni por el Secretario de esta Corte ni por el abogado de la demandante, de que este pleito se vería el día en que la demandante practicó su prueba, razón por la cual este abogado, que no estaba preparado para juicio, y de lo cual tenía pleno conocimiento la otra parte, no compareció a solicitar la suspensión de la vista;

"Que la sentencia obtenida en este pleito por la demandante fué obtenida por sorpresa, a espaldas de la interventora y sin darle a ésta oportunidad de defenderse en este pleito en que se alega en la demanda de intervención la connivencia de la demandante y el demandado para defraudar a la interventora de sus bienes gananciales;

"Que la interventora, a nuestro juicio, tiene una buena causa de acción contra la demandante y el demandado en este pleito, según cree el abogado que suscribe por los hechos que su cliente le ha explicado."

El 6 de junio, 1934, la corte resolvió la petición como sigue:

"La vista del juicio oral en este caso se señaló para el día 12 de marzo de 1934 a las nueve de la mañana. En dicho día se estaba celebrando otro juicio que no pudo terminarse antes del día 12, por cuya razón este caso no fué llamado a juicio hasta el día 13 de marzo. En dicho día compareció solamente la demandante Rafaela Jaramillo Vda. de Matanzo representada por su abogado, J. M. Calderón. La interventora no compareció. Oída la prueba de la demandante, la corte dictó su sentencia el mismo día, la que fué notificada al día siguiente a las partes perjudicadas. El día 3 de abril siguiente la interventora radicó una moción solicitando se dejase sin efecto la sentencia dictada, y como fundamentos de dicha moción alega (se refieren los de la petición que ya conocemos).

"Basta la simple exposición de los fundamentos en que basa su moción la interventora, para comprender que la misma carece de méritos. En primer término, la sentencia fué notificada según aparece de los autos el día 14 de marzo, y el día 3 de abril, o sea, 20 días después de dictada se presentó la moción de la interventora solicitando que se dejara sin efecto la sentencia. En segundo lugar, el abogado de la interventora no ignora como no lo ignora ninguno de los abogados que postulan en esta Corte de Distrito, que desde hace más de tres años existe una regla de esta corte en relación con los calendarios civiles en virtud de la cual mensualmente se lee el calendario general de los asuntos que han de verse durante el mes siguiente; que se señalan para juicio cuatro casos durante cada uno de los tres primeros días de las tres primeras semanas del mes, dejando la última sin señalamientos, a fin de que el juez pueda resolver durante ese tiempo los casos que haya visto con anterioridad a esa fecha; que prescribe además esta regla que señalado un caso para juicio si no puede por cualquier circunstancia celebrarse el juicio en el día especificado, se continuará al día siguiente hasta que se vean todos los juicios señalados para la semana en cuestión. De modo que si un juicio no puede verse el lunes para el cual está señalado porque un caso anterior le ha tomado su turno, entonces el caso podrá verse al siguiente día o cuando termine el caso inmediatamente anterior.

"Conociendo como indudablemente conocía el abogado de la interventora esta regla, era su obligación estar pendiente de que se llamase este caso a juicio y no esperar a que el Secretario o la parte contraria lo notificara, pues ni el Secretario ni la parte contraria estaban obligados a ello, ni como cuestión de práctica nunca se ha hecho así en esta corte."

Para sostener que la razón le asiste, invoca la interventora apelante el artículo 140 del Código de Enjuiciamiento Civil en la parte que dice:

". . . y también eximir a alguna persona o a sus representantes legales, de los efectos de una sentencia, orden u otro procedimiento que se hubiese dictado contra ella, por causa de equivocación, inadvertencia, sorpresa o excusable negligencia; . . ."

Hemos examinado los autos y tomado en consideración cuanto dice la interventora apelante en su alegato y creemos que no es posible concluir que la corte estuviera obligada por la fuerza de las circunstancias a dejar sin efecto su sentencia.

A nuestro juicio no cabe alegar con éxito la existencia de sorpresa o excusable negligencia.

La corte de distrito consideró detenidamente la petición. Su resolución habla por sí misma en forma persuasiva y convincente. La vista no pudo ser una sorpresa para la interventora. La fecha del señalamiento no sólo se hizo de acuerdo con la ley y las reglas de la corte si que era conocida de la interventora. Su abogado estuvo presente en el tribunal y allí debió permanecer personalmente o por medio de algún otro representante. Por lo menos debió archivar con el Secretario su petición escrita de suspensión alegando las razones que tenía para ello, y nada hizo.

Bajo circunstancias tan adversas tendría que demostrarse que el caso de la interventora era en su fondo de tal modo meritorio que la justicia exigía que se echara a un lado el derecho ya adquirido en el curso ordinario de la ley por la parte demandante, para dar a la interventora una nueva oportunidad. Y a ese respecto la interventora se limitó a alegar en su moción que tenía una buena causa de acción

cuando pudo y debió referir en detalle la prueba con que contaba para demostrar la verdad de las alegaciones esenciales de su demanda relativas a la confabulación y a la no existencia de la deuda. En su alegato ante esta Corte Suprema nada dice sobre extremo de tanta trascendencia.

*Debe confirmarse la sentencia recurrida.*